IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEWEY I. COFFMAN**, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-07-349-F |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
|    Defendant. | ) | |

## ORDER

Defendant's Motion for More Definite Statement (doc. 11), filed May 8, 2007, is before the Court. Plaintiff filed his Response to Defendant's Motion for More Definite Statement (doc. 17) on May 29, 2007.[1] Plaintiff appears *pro se*, and his pleadings are liberally construed. Having carefully reviewed the parties' submissions, the record, and the relevant arguments and authorities, the Court finds that Defendant's motion is ready for determination.

Motions for more definite statements under Rule 12(e), Fed. R. Civ. P., are looked on with disfavor because the federal rules call for relatively skeletal pleadings and place the burden of unearthing underlying factual details on the discovery process. Daley v. Regional Transp. Dist., 142 F.R.D. 481, 485 at n.3 (D. Colo. 1992). There are circumstances, however, in which Rule 12(e) motions are a useful tool to ensure that the plaintiff's initial pleading is specific enough to allow the defendant to evaluate possible resolution through a motion to dismiss or a motion for summary judgment

---

[1] As submitted, plaintiff's response bears the following case number: "CIV-CIV-07-00349-M." The court reminds plaintiff that the correct case number is CIV-07-349-F. *See* Order [Doc. 9] ("Please note that for future filings in this case, the letter at the end of the number should now be an 'F' rather than an 'M'. This is important to insure the prompt distribution of pleadings to the proper judge."); *and see* Order [Doc. 16] ("The court points out to plaintiff that the case number for this case is CIV-07-349-F, not CIV-07-339-F.").

without extensive discovery.  *Id*.  For example, a complaint which gives rise to a qualified immunity defense may fail to meet the pleading standard if it fails to identify with specificity the persons involved in each alleged wrongful act.  *Id*.  If the complaint is insufficient in such particulars, the plaintiff may be required to file a more definite statement to correct the deficiencies.  *Id.* at 486.  There are also minimum requirements for a defamation claim, such as the identification and substance of the complained of statements, to whom the statements were made, and whether the statements were heard by third parties.  McKenzie v. MCI Worldcom, Inc., 2000 WL 1303041, *2 (D. Kan. 2000) (mem. op.).  Where such allegations are lacking, the court may grant a motion for more definite statement and the plaintiff may be required to plead the additional information.  *Id*.

In this action, plaintiff has already filed four different versions of his petition.  These different versions appear to allege claims against different sets of defendants.  In addition to slander and defamation references, the claims include far-ranging allegations concerning such things as corruption and false terrorist hoaxes.  The pleadings are also somewhat difficult to understand.

Applying the rules regarding pleading requirements to the pleadings in this action, the court finds and concludes that the pleadings fail to give adequate notice of the plaintiff's claims for purposes of a responsive pleading.  The motion for a more definite statement of plaintiff's claims should, therefore, be granted.  In reaching this conclusion, the court also notes that in response to the motion for a more definite statement, and in plaintiff's proposed order submitted to the court, plaintiff relies on the fact that the status report called for by LCvR16.1 will likely clear up any questions.  At plaintiff's request, however, the status and scheduling conference has now been stricken, and there is currently no order in place which would require a status report.

Accordingly, even interpreting the pleadings liberally as the court is required to do, there is good cause to require plaintiff to file a Fourth Amended Complaint in this action in order to provide the requested specificity, if plaintiff can do so. Defendant's motion is, therefore, **GRANTED**. Plaintiff is **ORDERED** to file a fourth amended complaint within fifteen (15) days of the date of this order. The fourth amended complaint shall comply, to the extent possible, with the following requirements.

Plaintiff's fourth amended complaint shall provide a more definite statement of his claims alleging negligence or wrongdoing by the following employees or former employees of the United States Department of Agriculture (USDA): Mr. Ronald Leroy Berryhill, Ms. Irene Seastrum, Ms. Donna Ward Reynolds, Ms. Lisa Volz, and Ms. Debra McAlister. For each allegation of negligence or wrongdoing, the amended complaint shall contain a short and plain statement of the claim, giving Defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957).

Additionally, to ensure compliance with this order, plaintiff's fourth amended complaint must meet the following requirements:

1. Plaintiff's fourth amended complaint shall identify with specificity each alleged wrongful act or omission. Where plaintiff alleges defamation, slander, or libel, plaintiff is ordered to identify:

    a. the particular statement that was made or the substance of that statement; and

    b. how the allegedly defamatory, slanderous, or libelous statement was communicated, published or broadcast.

2. Plaintiff's fourth amended complaint shall identify with specificity the person or persons involved in each alleged wrongful act or omission.

      Where plaintiff alleges defamation, slander, or libel, he is ordered to identify:

      a.     the particular person who uttered, wrote, published, or otherwise communicated the allegedly defamatory, slanderous, or libelous statement; and

      b.     the identity of the person(s) to whom the statement was made.

3.     Plaintiff's fourth amended complaint shall identify with specificity when each alleged wrongful act or omission occurred. Where plaintiff alleges defamation, slander, or libel, plaintiff is ordered to identify when the allegedly defamatory, slanderous, or libelous statement was made.

4.     For general claims of negligence, plaintiff's fourth amended complaint shall identify with specificity what agents of the government failed to exercise care in the performance of what specific duties.

5.     For any special damage allegedly caused by defamation, slander, or libel, plaintiff's fourth amended complaint shall identify with specificity such special damage.

Plaintiff is **GRANTED** leave to file a fourth amended complaint within fifteen (15) days of the date of this order to cure the pleading defects identified herein, if he can do so.

IT IS SO ORDERED this 4th day of June, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0349p005(pub).wpd