## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

DEWEY I. COFFMAN,                )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )   Case No. CIV-07-00349-F
                                 )
UNITED STATES OF AMERICA,        )
                                 )
    Defendant.                   )

## ORDER

"Defendant's Motion to Dismiss," filed August 7, 2007, is before the court. (Doc. no. 23.)  Plaintiff, Dewey I. Coffman, has responded, no reply has been filed, and the motion is ready for determination.  Plaintiff appears *pro se*, and his pleadings are liberally construed.

This action alleges defamation, libel, and slander against the United States of America.[1]  Defendant moves for dismissal under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

### Standards

In passing on a motion to dismiss, whether bringing a facial attack on the ground of lack of jurisdiction over the subject matter under Rule 12(b)(1) or whether challenging the complaint for failure to state a cause of action under Rule 12(b)(6), the non-movant enjoys similar safeguards; the allegations of the complaint should be construed favorably to the pleader and the court will not look beyond the face of the

---

[1]The amended complaint states repeatedly, often in bold print, that this is a libel, slander, and defamation case.  Although the amended complaint refers to negligence and lists certain events and conduct which might not necessarily involve defamatory statements, plaintiff's response brief explains that this material is not the basis of any claims alleged in this defamation suit.  (Response brief, doc. no. 27, p. 3.)  Plaintiff's response brief states repeatedly that this is a defamation case. (Doc. no. 27, pp. 2, 3.)

complaint to determine jurisdiction. *See*, *e.g.*, <u>Sea Vessel, Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994) (non-moving party receives the same protection with respect to 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting <u>Osborn v. United States</u>, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); 2 <u>Moore's Federal Practice</u>, § 12.30[4] (Matthew Bender 3d ed.)  Until recently, dismissal under Rule 12(b)(6) was appropriate only where "it appears beyond a doubt that the [defendants] can prove no set of facts in support of [their] claim which would entitle [them] to relief." <u>Conley v. Gibson,</u> 355 U.S. 41, 45-46 (1957).  In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), however, the Supreme Court prescribed "a new inquiry . . . to use in reviewing a dismissal: whether the [counterclaim] contains 'enough facts to state a claim to relief that is plausible on its face.'" <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, ___ F.3d ___, 2007 WL 1969681 at * 3 (10th Cir., 2007) (quoting <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1974).  In order to survive plaintiffs' motion to dismiss, defendants must "nudge[] their claims across the line from conceivable to plausible." <u>Ridge at Red Hawk, L.L.C.</u>, 2007 WL 1969681 at *3, quoting <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1974.  The court, in conducting its review, still assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. <u>Ridge at Red Hawk, L.L.C.</u>, 2007 WL 1969681 at *3. In this case, the result of defendant's Rule 12(b)(6) motion would be the same, whether the old <u>Conley</u> standard, or the new plausibility standard, applies.

Discussion

In support of its motion, defendant first argues that the Federal Tort Claims Act (FTCA) is the exclusive remedy for claims alleging torts by federal employees, and that plaintiff has failed to plead exhaustion of remedies which is required in order to allow this action to go forward under the FTCA.  Defendant seeks dismissal for lack of jurisdiction on this ground.

Because the FTCA waives sovereign immunity, the administrative notice requirements are strictly construed.  As stated in Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852 (10th Cir. 2005), quoting Bradley v. United States, 951 F.2d 268, 270 (10th Cir. 1991), "[t]he requirements [of the statute] are jurisdictional and cannot be waived."  As a condition of waiver, the FTCA requires a claimant to exhaust his administrative remedies before bringing suit, including the requirement that plaintiff present his claim in writing to the appropriate federal agency.  28 U.S.C. § § 2401(b), 2675(a).  The claim must be presented to the agency within two years after the claim accrues.  28 U.S.C. § 2401(b).  Because the timely filing of an administrative claim is a jurisdictional prerequisite to bringing suit, it should be alleged in the complaint, and failure to plead this jurisdictional prerequisite in the complaint is proper grounds for dismissal.  Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980); Bush v. F.D.I.C., 999 F.2d 547, 1993 WL 262591 at *2 (10th Cir., 1993) (quoting Gillespie), cited here under the requirements of 10th Cir. Rule 36.3 for citing unpublished opinions.

This action includes no allegations regarding compliance with the jurisdictional prerequisites to bringing suit.  The court finds and concludes that the action should be dismissed on that ground.

Second, defendant argues that the FTCA does not allow suits for defamation, libel or slander, so that the court has no jurisdiction.  Alternatively, defendant argues that because the FTCA does not allow suits for defamation, libel or slander, the action should be dismissed for failure to state a claim.

Title 28 U.S.C. § 2680(h) provides that the United States retains immunity from suit on "[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights."  In Cooper v. American Auto Ins. Co., 978 F.2d 602, 613 (10th Cir. 1992), the Tenth Circuit found that libel and slander, "which are

the equivalent of defamation," are "excepted from the FTCA waiver of sovereign immunity by 28 U.S.C. § 2680(h)(1988)." In <u>Aviles v. Lutz</u>, 887 F.2d 1046 (10th Cir. 1989), the Circuit held that "the allegation that certain government employees defamed him falls squarely within the libel and slander exception of subsection (h)." *Id*. at 1049. Accordingly, this action should be dismissed for lack of jurisdiction under the FTCA.

Alternatively, this action is also subject to dismissal under Rule 12(b)(6), for the same reason. In <u>Bush</u>, 999 F.2d 547, 1993 WL 262591 at *2 (unpublished opinion cited per the requirements of 10th Cir. Rule 36.3), the court found that the district court properly dismissed the plaintiff's complaint for failure to state a claim, attaching the district court's ruling to the circuit's own order. <u>Bush</u> presented a situation similar to the instant one, where the defendant argued both that the action should be dismissed because jurisdictional prerequisites for bringing suit under the FTCA were not met, and also because the waiver of sovereign immunity under the FTCA does not extend to suits claiming libel or slander. The panel cited the rule that timely filing of an administrative claim is a jurisdictional prerequisite, *id*. at *2, then went on to state that "even if an administrative claim had been filed, the waiver of sovereign immunity embodied by the FTCA does not extend to claims of libel, slander, or interference with contract rights," citing 28 U.S.C. § 2680(h). The circuit affirmed the district court's dismissal for failure to state a claim, for substantially the same reasons as set forth by the district court in its order. *Id*. The district court's order held that there was no claim under certain sections of the Bankruptcy Code, that "any other claim would be foreclosed by the Federal Tort Claims Act," and dismissed for failure to state a claim. *Id*. at *4.   Accordingly, this court finds and concludes that, as an alternative to dismissal for lack of jurisdiction under the FTCA, this action should also be

dismissed with prejudice under Rule 12(b)(6) for failure to state a claim under the FTCA.

Third and finally, defendant argues that the majority of plaintiff's allegations are based on acts or omissions which are time-barred and that in the event the court does not dismiss all of plaintiff's claims under either of defendant's first two arguments, the court should at least dismiss the untimely claims.  (In his response brief, plaintiff explains that the allegations regarding time-barred events are included in the complaint only as a matter of background and in the interest of thoroughness.)  Given its dismissal of this action on other grounds, the court does not reach this third argument for dismissal.

Conclusion

Defendant's motion is **GRANTED**.  All claims alleged by the plaintiff in this action are hereby **DISMISSED** under Rule 12(b)(1) for lack of jurisdiction, and are also **DISMISSED** with prejudice under Rule 12(b)(6) for failure to state a claim.  No leave to amend is given because amendment would be futile.[2]

Dated this 19th day of September, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0349p007(pub).wpd

---

[2] This dismissal does not conclude this action because defendant has alleged counterclaims seeking an injunction against plaintiff with regard to future filings.  Accordingly, this action continues, but the only claims remaining to be litigated are defendant's counterclaims, which the court notes are the subject of a pending motion for partial judgment on the pleadings not yet at issue. (Doc. no. 29.)